■ CARL J. OBER et al., Respondents, v ASSOCIATED COCA-COLA BOTTLING COMPANY, INC., Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered May 8, 1985 in Albany County, upon a verdict rendered at Trial Term (Conway, J.).

Defendant maintains that the jury verdict in favor of plaintiffs, Carl and Elizabeth Ober, in the amounts of $27,500 and $15,000, respectively, are excessive to such an extent as to indicate that they are the product of sympathy. The Obers, a married couple with three children, are both blind. A sheltered workshop for the blind located in the City of Albany employs Mr. Ober. It was there, during his lunchtime on Friday, June 18, 1982, that he drank from a contaminated bottle of defendant's soda purchased from defendant's vending machine. Immediately, Mr. Ober became nauseated and was taken to a hospital where he was seen by a doctor, and after several hours was sent home. The nausea, stomach cramps and diarrhea continued over the weekend, prompting Mr. Ober to visit his personal physician on Monday, following which medication was prescribed.

While this remedied his physical discomfort, Mr. Ober's emotional trauma had just begun. The incident caused him to lose confidence in his surroundings, as evidenced by his reluctance, to the dismay of his wife, to even eat food prepared at home. Mr. Ober withdrew from active participation in the management of the home and became antisocial. His wife related that his lack of cooperation and irritability greatly strained their marriage, which, because of their mutual handicaps, was based on a high degree of interdependence and mutual assistance. Recognizing and troubled by this change, for it affected his marriage, parenting and sociability, Mr. Ober sought psychiatric help.

A psychiatric evaluation showed that Mr. Ober had the greatest sense of autonomy of anyone the psychiatrist had

ever treated, but had suffered a "loss of feeling of being able to control his environment and things around him" as a result of the misfortune with the contaminated soda. According to the psychiatrist, a diplomat of the American Board of Psychiatry who had been practicing for approximately 25 years and whose testimony was uncontroverted, that sense of assurance called the "internal locus of control", is the single most important factor regarding whether a person can be "successfully blind" and yet not let the blindness cause psychological and social maladjustment. The Obers affirmed at trial that, three years after the accident, he was still striving to regain his self-assuredness, a process which had been gradual, trying and still ongoing.

Not only does the record recount the uniquely destructive effect this incident had on Mr. Ober's self-confidence and the adverse impact this in turn had on his psychological health, but it also demonstrates a serious impairment and alteration of the Obers' life-style which continued for at least three years thereafter. That the jury's verdict was objectively arrived at and was not the result of pity is further borne out by the fact that the jury found Mr. Ober 10% contributorily negligent, apparently from drinking so much of the tainted soda. It is also not without significance that, though asked to do so, an experienced Trial Judge refused to disturb the verdict, noting that the awards were within the proof.

Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.